```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PATRICK MARANZINO,                :
                                  :       ORDER
              Plaintiff,          :       08-CV-5213 (JFB) (WDW)
                                  :
         – against –               :
                                  :
POLICE OFFICER EDWARD SWENSON     :
SHIELD #4951/310 in his individual and official :
capacity, CORRECTION OFFICER DOUGLAS :
GUBITOSI #1244 in his individual and official :
capacity, and SUFFOLK COUNTY,     :
                                  :
              Defendants.         :
                                  :
----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Currently pending before the Court are three motions to amend the complaint filed by plaintiff. (*See* Docket Entry 111 (dated December 23, 2010), Docket Entry 113 (dated January 11, 2011), and Docket Entry 115 (dated February 10, 2011).) The proposed Second Amended Complaint, which is attached as an exhibit to the final motion to amend (Docket Entry 115), contains claims against Police Officer Edward Swenson ("Swenson"), Correction Officer Douglas Gubitosi ("Gubitosi"), and Suffolk County ("the County") (collectively, "defendants"). Swenson, Gubitosi, and the County filed an answer to the Second Amended Complaint on March 3, 2011. The proposed Second Amended Complaint no longer contains claims against defendants Police Officer 1520 John Keenan, Libbi Traylor Shield 5573, and Leslie Zuckerman Shield 5679, and plaintiff therefore appears to have dropped his claims against these defendants.

On March 9, 2011, Magistrate Judge William Wall issued a Report and Recommendation

(the "Report"), which is incorporated by reference herein, recommending the following: (1) that Docket Entries 113 and 115 be granted, (2) that the proposed Second Amended Complaint attached to Docket Entry 115 be adopted as the operative complaint, (3) that Docket Entry 111 be denied as moot, (4) that defendants Police Officer 1520 John Keenan, Libbi Traylor Shield 5573, and Leslie Zuckerman Shield 5679 be dismissed from this action, and (5) that the caption be amended to read: "Patrick Maranzino v. Police Officer Edward Swenson Shield #4951/310 in his individual and official capacity, Correction Officer Douglas Gubitosi #1244 in his individual and official capacity, and Suffolk County."

The Report instructed the parties to submit any objections within fourteen days of service. Neither plaintiff nor defendants have submitted any opposition to the Report. For the reasons stated below, the Court adopts the Report in its entirety.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings by leave of the court, and further directs that "leave shall be freely given when justice so requires." Fed. R. Civ.

P. 15(a). Indeed, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Absent "undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy*, 482 F.3d at 200-01 ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'" (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)) (internal citation omitted)).

Here, after carefully reviewing the history of this case, the Court has found no evidence of undue delay, bad faith, or dilatory motive on the part of plaintiff. Further, the Court finds that the amendment would not prejudice defendants. Indeed, plaintiff filed his proposed Amended Complaint after being directed by Magistrate Judge Wall to make an additional motion to amend in order to eliminate any lingering confusion regarding plaintiff's claims and the identity of the defendants. (*See* Report at 2.) Moreover, defendants have already filed an answer to the proposed Amended Complaint. Thus, in its sound discretion, and pursuant to the liberal standard for the amendment of pleadings set forth in Rule 15(a), the Court agrees with Magistrate Judge Wall's recommendation that plaintiff be allowed to amend his complaint.

### III. CONCLUSION

Having conducted a review of the full record and the applicable law, and having reviewed

the Report for clear error, the Court adopts the Report in its entirety.[1]  Accordingly, (1) plaintiff's motions to amend found in Docket Entries 113 and 115 are granted, (2) the proposed Second Amended Complaint attached to Docket Entry 115 is adopted as the operative complaint, (3) Docket Entry 111 is denied as moot, (4) defendants Police Officer 1520 John Keenan, Libbi Traylor Shield 5573, and Leslie Zuckerman Shield 5679 are dismissed from this action, and (5) the Clerk of the Court should amend the caption to read: "Patrick Maranzino v. Police Officer Edward Swenson Shield #4951/310 in his individual and official capacity, Correction Officer Douglas Gubitosi #1244 in his individual and official capacity, and Suffolk County."

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 13, 2011
      Central Islip, New York

---

[1] Even if the Court were conducting a *de novo* review, the Court would reach the same conclusion for the reasons set forth herein.

4